IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLD GUARD INSURANCE COMPANY,

      Plaintiff,

v.                                                                      1:26-cv-00073-MIS-JMR

RUDOLFO RODRIGUEZ; EMILIO PINON; TOMAS
CAVALIER; THERESA ALLING; NICHOLAS
ALLING; GERALD MARTINEZ; JASON PETTIS;
JAZMIN MORENO; JACOB GAONA; NOAH
GERARDO; JACOB CHAVEZ; DYLAN GONZALES;
JAMES MEEK; KEITH REED; VICENTE
MARTINEZ; RYAN MCCORMICK; OSCAR
DURAN; DIEGO ARCHULETA; SHELBY ARNALL;
RUSTY CARTER; GIOVANNI CATANACH; JARED
COOPER; JULIAN GONZALES; JONATHON
RIVERA; TRISTAN ROEDER; DOUG CHAPLIN;
MICHAEL MCCORY; TRACY MCCORY; JAMIE
FIELD; SHELDON CASILLAS; STEPHEN
THIBODEAUX; THE CITY OF ALBUQUERQUE;
MAYOR TIM KELLER; JESSE VALDEZ; and
CONSOLIDATED BUILDERS OF NEW MEXICO,
LLC.

      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND TIME
FOR SERVICE AND LEAVE TO COMPLETE ALTERNATIVE SERVICE**

THIS MATTER comes before the Court on Plaintiff's Motion to Extend Time for

Service and Leave to Complete Alternative Service. Doc. 33. Defendants the City of

Albuquerque, Mayor Tim Keller, and Jesse Valdez filed a response. Doc. 55. Plaintiff filed a

reply. Doc. 70. The other Defendants did not file a response. Having reviewed the briefing and

the relevant law, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's

motion. Plaintiff must serve the unserved Defendants within sixty days of the entry of this order.

The Court denies without prejudice Plaintiff's request to complete alternative service.

**I.       The Court will extend the deadline for Plaintiff to serve the Defendants.**

Plaintiff requests that the Court extend the deadline to serve the Defendants to July 14, 2026. Doc. 33 at 10. Defendants the City of Albuquerque, Mayor Tim Keller, and Jesse Valdez oppose the request. Doc. 55. Having reviewed the relevant law, the Court hereby extends the deadline for Plaintiff to serve the Defendants to sixty days after the entry of this order.

Federal Rule of Civil Procedure 4(m) provides, in part:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

If a party shows "good cause" for its failure to serve, the party is entitled to an extension of time to serve. FED. R. CIV. P. 4(m). But even "a plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be granted a permissible extension of time within the district court's discretion." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

To demonstrate good cause under Rule 4(m), a party "must show meticulous efforts to comply with the rule." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Ignorance or mistake of law is not "good cause" for failing to serve. *Id.* Similarly, actual notice of a lawsuit does not satisfy Rule 4(m). *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994). Service upon a party's attorney is also not sufficient under Rule 4 unless a client has authorized the attorney to accept service. *See, e.g.*, *United States v. 51 Pieces of Real Property Roswell, New Mexico*, 17 F.3d 1306, 1313 (10th Cir. 1994) (quoting *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971)) ("[S]ervice of process is not effectual on an attorney solely by reason of his capacity as an attorney.").

Given the limited information presented to the Court, Plaintiff has not shown "good cause" to extend the deadline to serve the Defendnats. *See* FED. R. CIV. P. 4(m). Nevertheless, the Court exercises its discretion to extend the service deadline. *See Espinoza*, 52 F.3d at 841.

There are thirty-five defendants in this lawsuit. Doc. 33 at 1. Plaintiff has served all but five. This case is a declaratory judgment action regarding an insurance policy. Doc. 33 at 2. All Defendants in this case are also Defendants in the various lawsuits underlying the declaratory judgment action. *Id.* at 2–3. They are all also represented by counsel in the underlying lawsuits. *Id.* at 4. However, counsel has refused to accept service. Docs. 33-1, 33-6.

The five unserved Defendants are Gerald Martinez, Jacob Chavez, Keith Reed, Sheldon Casillas, and Jazmin Moreno.[1] At the time of the completion of briefing, Plaintiff also had not served Defendant Rudolfo Rodriguez. Doc. 70 at 4. Mr. Rodriguez has since appeared in this action and answered Plaintiff's complaint curing any issue with service. *See* Docs. 74, 79.

Regarding Defendant Gerald Martinez, Plaintiff states that it has been unable to serve Mr. Martinez "despite attempting, due to common name." Doc. 33 at 5. However, Plaintiff does not describe any actual attempts to serve Mr. Martinez. Because Plaintiff has not given the Court sufficient information related to its service attempts, the Court cannot say that Plaintiff made "meticulous efforts" to serve Mr. Martinez. *In re Kirkland*, 86 F.3d at 176.

Regarding Defendant Jacob Chavez, Plaintiff was told by Mr. Chavez's family member that Mr. Chavez "is in prison doing life." Doc. 33-3 at 2. Plaintiff complains that on the online New Mexico Inmate Search five entries appear for "Jacob Chavez." *Id.* at 3. Plaintiff states that

---

[1] For the purposes of this motion, the Court accepts as true Plaintiff's representations that the other Defendants have been properly served. The Court has not independently evaluated Plaintiff's claim.

it does not know which "Jacob Chavez" is the correct Defendant. The Court notes that only three of the people named "Jacob Chavez" are actively in prison. *See id.*; Jacob Chavez, OFFENDER SEARCH, NEW MEXICO CORR. DEP'T, https://www.cd.nm.gov/offender-search/ (last visited June 8, 2026). The other two are released on probation or parole. *Id.* Then, Plaintiff could have relatively easily cross referenced with the online New Mexico Court's case lookup, which reveals that there is seemingly only one Jacob Chavez serving a life sentence. *See New Mexico v. Chavez*, D-101-CR-200700547 (filed Aug. 10, 2007). Plaintiff has not made any effort to investigate whether this Jacob Chavez is the correct Jacob Chavez. Nor has Plaintiff described any further efforts to identify who is the correct Jacob Chavez. Plaintiff has not shown that it made "meticulous efforts" to serve Mr. Chavez. *In re Kirkland*, 86 F.3d at 176.

Regarding Keith Reed, Plaintiff has been unable to serve Mr. Reed "despite attempting, due to bad address." Doc. 33 at 6. Plaintiff attaches a proof of just one service attempt for Mr. Reed where the resident stated, "that she does not know a Keith Reed and he does not live at the address." Doc. 33-4. The Court is unaware of any other efforts Plaintiff has made to serve Mr. Reed. As such, the Court cannot say that Plaintiff made "meticulous efforts" to serve Mr. Reed. *In re Kirkland*, 86 F.3d at 176.

Regarding Sheldon Casillas, Plaintiff hired an investigator to find Mr. Casillas. Doc. 70-1. The investigator reported that there was "no listing for a Sheldon Casillas in Bernalillo County or in the State of New Mexico." *Id.* at 2. Plaintiff does not explain what methods the investigator used to find Mr. Casillas nor did Plaintiff explain which database the investigator searched. Plaintiff does not describe any other efforts to locate Mr. Casillas. Without more information, the Court cannot say that Plaintiff made "meticulous efforts" to serve Mr. Casillas. *In re Kirkland*, 86 F.3d at 176.

Regarding Jazmin Moreno, Plaintiff states that it is "[u]ncertain" whether Ms. Moreno has been served. Doc. 33 at 5. Plaintiff explains that "Ms. Moreno alleges mistaken identity." *Id.* However, on April 20, 2026, Plaintiff filed a proof of service for Ms. Moreno. Doc. 38. The proof of service alleges that service was made, "[b]y leaving the copies with or in the presence of Veronica Moreno a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the person served." *Id.*; *see also* FED. R. CIV. P. 4(e)(2)(B) (authorizing service by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"). Neither the motion nor the proof of service provides the Court with any additional context regarding the alleged case of mistaken identity. As such, the Court cannot say that Plaintiff made "meticulous efforts" to serve Ms. Moreno. *In re Kirkland*, 86 F.3d at 176.

For these reasons, Plaintiff has not shown "good cause," under Rule 4(m), to extend the service deadline. Nevertheless, the Court will exercise its discretion to extend the service deadline. *See Espinoza*, 52 F.3d at 841.

In making its decision, the Court notes that the parties will not be prejudiced by an extension of time nor will the case be delayed. The Court has not yet issued an initial scheduling order, and the majority of the Defendants in this case have filed or joined in various motions to dismiss or stay the case. *See* Docs. 12, 29, 45, 47, 48, 54, 60, 61, 62, 63, 76, 77, 78. Each motion requests that the Court decline to exercise jurisdiction over this case out of deference to the state court proceedings. In Defendant Jason Pettis's motion, he states that he "expects" that the remaining Defendants will also join in the motion to dismiss or stay. Doc. 45 at 3–4. The Court will need to decide these motions before the case moves forward.

Defendants the City of Albuquerque, Mayor Tim Keller, and Jesse Valdez argue that

their pending motion to dismiss is so strong that it is "fruitless" to serve all the Defendants. Doc. 55 at 1. Defendants state that "[t]here is no need to further extend the time to serve individual plaintiffs and prolong the inevitable dismissal of this action." *Id.* at 2. However, the motion to dismiss is opposed. It would be inappropriate for the Court to assume that the Defendants will be the victor in this dispute, and the Court sees no reason why Plaintiff should be excused from the service requirements solely because the other Defendants believe the case should be dismissed.

The Court hereby extends the deadline for Plaintiff to serve the Defendants to sixty days after the entry of this order.

**II.     The Court denies Plaintiff's request to serve the Defendants by alterative means.**

Plaintiff requests to serve the Defendants by email to the attorneys that represent each defendant in the underlying suit, by publication, "and/or any other method the Court sees fit." Doc. 33 at 9–10. The Court declines to authorize alternative service.

The Federal Rules of Civil Procedure permit service of process on an individual within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* FED. R. CIV. P. 4(e)(1).

Under New Mexico law, "the court may order service by any method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend." Rule 1-004(J) NMRA. But it may only do so if "service cannot reasonably be made as provided" by the methods described in the rest of Rule 1-004. *Id.*

"To meet the fundamental requirements of due process, a plaintiff must undertake a diligent and good faith effort to locate defendants and serve them personally with notice." *T.H.*

*McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 2017-NMSC-004, ¶ 26, 388 P.3d 240, 248. "A showing of diligence may be established by demonstrating that the plaintiff made reasonable and good-faith efforts to carefully comply with the procedural steps outlined in the New Mexico Rules of Civil Procedure." *Aaro v. Tri Star Freight Sys., Inc.*, No. CV 24-270 JMR/GBW, 2025 WL 1455952, at *2 (D.N.M. May 21, 2025) (citing *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985)). "Notice by publication, then, is proper in some circumstances as a last resort." *T.H. McElvain Oil & Gas Ltd. P'ship*, 2017-NMSC-004, ¶ 28 (citation omitted).

Courts should permit service by publication only after a plaintiff has attempted service through the "hierarchy of mechanisms set out under NMRA 1-004(F)." *Soto v. Village of Milan Police Dep't, et al.*, No. 10cv43 WJ/ACT, 2010 WL 11619168, at *3 (D.N.M. Sept. 17, 2010). "[A] party requesting service by unconventional methods [must] demonstrate that this hierarchy was followed in detail, although the attempts were unsuccessful." *Id.*; *see also Hunt*, 770 F.2d at 147 (due diligence shown by carefully following the procedural steps outlined in the state's rule governing service). New Mexico Rule 1-004(F) provides, in full:

> (1) Personal service of process shall be made upon an individual by delivering a copy of a summons and complaint or other process:
>> (a) to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or
>> (b) by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.
>
> (2) If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process; or

(3) If service is not accomplished in accordance with Subparagraphs (1) and (2), then service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

Rule 1-004(F) NMRA.

Here, Plaintiff has not shown that service "cannot reasonably be made as provided by th[e] rule." *See* Rule 1-004(J) NMRA. As discussed in the prior section, Plaintiff has not shown that it undertook "diligent and good faith effort to locate defendants and serve them personally with notice." *T.H. McElvain Oil & Gas Ltd. P'ship*, 2017-NMSC-004, ¶ 26. Nor has Plaintiff set forth any facts that it has met the appropriate legal standards for service by alternative means. As such, the Court denies Plaintiff's request to serve by alternative means.

Before renewing a request for service by alternative means, Plaintiff should ensure that it has diligently attempted service through the "hierarchy of mechanisms set out under NMRA 1-004(F)." *Soto*, 2010 WL 11619168, at *3. Notably, Plaintiff may recover costs from "a defendant located within the United States" who "fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States." *See* FED. R. CIV. P. 4(d)(2).

Plaintiff's Motion to Extend Time for Service and Leave to Complete Alternative Service (Doc. 33) is hereby GRANTED IN PART and DENIED IN PART. Plaintiff must serve the Defendants within sixty days of entry of this order, absent a written motion showing good cause for an extension. Plaintiff may not serve the Defendants by an alternative means.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge

8